**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND/ODESSA DIVISION**

CLAIRPATH, LLC.

*Plaintiff and Counterclaim Defendant,*

v.

APPLE INC.,

*Defendant and Counterclaim Plaintiff.*

Case No. 7:26-cv-00015-LS

**DEFENDANT APPLE INC.'S MOTION TO STAY PENDING *EX PARTE* REEXAMINATIONS**

# TABLE OF CONTENTS


I. INTRODUCTION .......... 1

II. BACKGROUND .......... 2

III. LEGAL STANDARD .......... 4

IV. ARGUMENT .......... 5

- A. A Stay Will Simplify the Case .......... 5
- B. A Stay Will Not Unduly Prejudice Clairpath .......... 8
- C. The Proceedings Before the Court Have Not Reached an Advanced Stage .......... 10

V. CONCLUSION .......... 11

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Alex A. by & through Smith v. Edwards*,
No. 22-cv-573-SDD-RLB, 2023 WL 100146 (M.D. La. Jan. 4, 2023)....................................9

*Cochenour v. 360training.com, Inc.*,
No. 1:25-cv-7-RP, 2025 WL 1954062 (W.D. Tex. July 8, 2025) ............................................9

*Crossroads Sys., Inc. v. Dot Hill Sys. Corp.*,
No. 1:13-cv-00800, 2015 WL 3773014 (W.D. Tex. Jun. 15, 2015).........................................8

*Exmark Mfg. Co. Inc. v. Briggs & Stratton Power Prods. Grp., LLC*,
879 F.3d 1332 (Fed. Cir. 2018)...............................................................................................7

*Foras Techs. Ltd. v. Bayerische Motoren Werke AG*,
No. 6:23-cv-386-RP, 2024 WL 1724256 (W.D. Tex. Apr. 22, 2024)....................................11

*Katana Silicon Techs. LLC v. GlobalFoundries, Inc.*,
No. 1:22-cv-852-RP, 2024 WL 5169808 (W.D. Tex. Apr. 11, 2024)..................................6, 7

*Krippelz v. Ford Motor Co.*,
667 F.3d 1261 (Fed. Cir. 2012)...............................................................................................7

*Laufer v. Patel*,
No. 1:20-cv-631-RP, 2021 WL 327704 (W.D. Tex. Feb. 1, 2021) ..........................................9

*LELO, Inc. v. Standard Innovation (US) Corp.*,
No. 13-cv-01393-JD, 2014 WL 2879851 (N.D. Cal. June 24, 2014).......................................6

*MCM Portfolio LLC v. Hewlett-Packard Co.*,
812 F.3d 1284 (Fed. Cir. 2015).............................................................................................10

*MiMedx Grp., Inc. v. Tissue Transplant Tech. Ltd.*,
No. 5:14-cv-719, 2015 WL 11573771 (W.D. Tex. Jan. 5, 2015).............................................4

*Murata Mach. USA v. Daifuku Co.*,
830 F.3d 1357 (Fed. Cir. 2016)...............................................................................................4

*Pac. Bioscience Labs., Inc. v. Pretika Corp.*,
760 F. Supp. 2d 1061 (W.D. Wash. 2011)..............................................................................8

*Polaris PowerLED Techs., LLC v. Dell Techs. Inc.*,
No. 1:22-cv-0973-RP, 2023 WL 5282381 (W.D. Tex. Aug. 15, 2023) .....................6, 7, 8, 10

*Polaris PowerLED Techs., LLC v. Nintendo Co.*,
No. 22-cv-0386-JLR, 2023 WL 12134477 (W.D. Wash. Jan. 31, 2023) .................................7

*Quartz Auto Techs. v. Lyft, Inc.*,
No. 1:20-cv-719-LY, D.I. 125 (W.D. Tex. June 24, 2022) .................................................6, 9

*Radiant Vision Sys., LLC v. Admesy B.V.*,
No. 1:21-cv-01115-DAE, 2024 WL 1079059 (W.D. Tex. Mar. 12, 2024) .......................4, 5, 6

*Ravgen, Inc. v. Natera, Inc.*,
No. 1:20-CV-692-LY, D.I. 247 (W.D. Tex. May 31, 2022)....................................................9

*TC Tech. LLC v. T-Mobile USA, Inc.*,
No. 6:20-cv-00899-ADA, 2021 WL 8083373 (W.D. Tex. Dec. 7, 2021).........................4, 7, 8

*USC IP P'ship, L.P. v. Facebook, Inc.*,
No. 6:20-cv-00555-ADA, 2021 WL 6201200 (W.D. Tex. Aug. 5, 2021) ...............................4

*VirtualAgility Inc. v. Salesforce.com, Inc.*,
759 F.3d 1307 (Fed. Cir. 2014)...........................................................................................8

**Statutes**

35 U.S.C. § 303(a) ..........................................................................................3, 5, 11

35 U.S.C. § 304..........................................................................................................3

35 U.S.C. § 305.....................................................................................................3, 11

**Other Authorities**

37 C.F.R. § 1.515(a).................................................................................................3, 5

37 C.F.R. § 1.525(a).....................................................................................................3

37 C.F.R. § 1.550(a).....................................................................................................3

## I. INTRODUCTION

Defendant and Counterclaim Plaintiff Apple Inc. respectfully moves to stay this case pending resolution of the *ex parte* reexaminations ("EPRs") that Apple has filed with the United States Patent and Trademark Office ("USPTO"). The EPRs challenge the patentability of every claim of each of the three patents that Plaintiff Clairpath, LLC asserts against Apple in this action: U.S. Patent Nos. 8,483,948 (the "'948 patent"), 8,996,708 (the "'708 patent"), and 8,129,809 (the "'809 patent") (collectively, the "Asserted Patents"). This Court should stay the case because (1) the EPRs will simplify, if not resolve entirely, the issues in this case, (2) a stay will not unduly prejudice Clairpath, and (3) this case remains in its earliest stages.

First, USPTO data show that the Office grants approximately 92% of all *ex parte* reexamination requests, and that roughly 80% of reexaminations that reach a certificate end in cancellation or amending of the challenged claims.[1] That track record establishes a high likelihood both that the USPTO will order reexamination and that the reexaminations will simplify or resolve the issues in this case. Because Apple's EPRs challenge every claim of each Asserted Patent, any cancellation or amendment of claims will narrow, and could dispose of, this entire case. Any claim construction or other analysis the USPTO performs will likewise simplify the Court's own claim construction process and conserve the parties' and the Court's resources.

Second, a stay will not unduly prejudice Clairpath. Even if Clairpath ultimately prevails in this action, mere delay in any potential collection of damages does not constitute undue prejudice. Although Clairpath's Complaint requests permanent injunctive relief (or, in the alternative, an

---

[1] *See* Ex. 1, https://www.uspto.gov/sites/default/files/documents/reexamination-op-stats.pdf (Reexamination Statistics for FY 2026); Ex. 2, https://www.uspto.gov/sites/default/files/documents/ex_parte_historical_stats_.pdf (*Ex Parte* Reexamination Filing Data through 9/30/2025).

ongoing royalty), Clairpath is a patent-assertion entity that does not practice any of the Asserted Patents, does not compete with Apple, and has requested monetary damages. Dkt. 1 (Complaint). Monetary damages will thus make Clairpath whole should it prevail, and a stay pending the EPRs will not impair that remedy. Apple has also moved to dismiss this action for lack of standing, and that threshold challenge further undercuts any claim of prejudice: an entity whose entitlement to prosecute this action is itself in dispute cannot credibly claim urgency in reaching the merits. Dkt. 41 (Apple's Sealed Motion to Dismiss for Lack of Standing).

Third, this case remains at an early stage: the case was reassigned to this Court in May 2026, claim construction briefing has not yet begun, the Markman Hearing will not occur until at least October 2026 and the Court has not yet issued a claim construction order, fact discovery does not open until October 2026, expert discovery opens after that, no dispositive motions have been filed or substantive rulings issued, and trial is not set until October 2027. The vast majority of the work in this case—indeed, nearly the entire case thus remains ahead of the Court and the parties. Accordingly, all relevant factors warrant staying this case pending resolution of Apple's EPRs to promote judicial economy and conserve the parties' and the Court's time and resources.

## II. BACKGROUND

Clairpath filed this patent infringement action against Apple on January 14, 2026. On April 6, 2026, Clairpath served its preliminary infringement contentions. The case was reassigned to Judge Schydlower on May 13, 2026. On June 29, 2026, Apple served its preliminary invalidity contentions, and on July 9, 2026, Apple moved to dismiss this action for lack of standing. On July 13, 2026, the parties exchanged claim terms for construction, and on July 27, 2026, they exchanged proposed constructions for those terms. Claim construction briefing has not yet begun: Apple's opening brief is not due until August 17, 2026, briefing does not close until October 5, 2026, and

the Court has set October 19, 2026 as a placeholder for the *Markman* hearing. Fact discovery does not open until October 20, 2026, and trial will begin on October 18, 2027, approximately 14 months from now, or as soon thereafter is practicable. Dkt. 38 (Scheduling Order).

Apple filed requests for *ex parte* reexamination of the ’948 patent, the ’708 patent, and the ’809 patent on July 10, July 17, and August 3, 2026, respectively, challenging the patentability of every claim of each patent, including every claim Clairpath asserts in this action. Apple filed each request promptly after serving its preliminary invalidity contentions on June 29, 2026, and moved to stay without delay thereafter. A summary of Apple’s pending EPRs follows:

| Patent | EPR Control No. | Accorded Filing Date | Challenged Claims | Status |
|---|---|---|---|---|
| ’948 Patent | 90/016,458 | July 10, 2026 | All claims | Pending determination under 35 U.S.C. § 303(a) |
| ’708 Patent | 90/016,483 | July 17, 2026 | All claims | Pending determination under 35 U.S.C. § 303(a) |
| ’809 Patent | 90/016,508 | August 3, 2026 | All claims | Pending determination under 35 U.S.C. § 303(a) |

The USPTO must decide whether to order reexamination within three months after the accorded filing date of a request for *ex parte* reexamination. 35 U.S.C. § 303(a); 37 C.F.R. § 1.515(a) (“Within three months following the filing date of the request for *ex parte* reexamination, an examiner will consider the request and determine whether [to order reexamination]”). The USPTO will order reexamination if “a substantial new question of patentability affecting any claim of the patent is raised by the request and the prior art cited therein.” *Id.*; *see also* 35 U.S.C. § 304; 37 C.F.R. § 1.525(a). Congress further directed that all reexamination proceedings, “including any appeal to the Patent Trial and Appeal Board, will be conducted with special dispatch within the Office.” 35 U.S.C. § 305; *see also* 37 C.F.R. § 1.550(a).

## III. LEGAL STANDARD

A district court has broad discretion to stay cases. *Radiant Vision Sys., LLC v. Admesy B.V.*, No. 1:21-cv-01115-DAE, 2024 WL 1079059, at *1 (W.D. Tex. Mar. 12, 2024) (citing *Clinton v. Jones*, 520 U.S. 681, 707 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket.")). Specifically, as is relevant here, the Court has discretion to decide whether to stay a case pending proceedings before the USPTO, including EPRs. *Murata Mach. USA v. Daifuku Co.*, 830 F.3d 1357, 1362 (Fed. Cir. 2016). A stay is particularly justified when "the outcome of a PTO proceeding is likely to assist the court in determining patent validity or eliminate the need to try infringement issues." *TC Tech. LLC v. T-Mobile USA, Inc.*, No. 6:20-cv-00899-ADA, 2021 WL 8083373, at *1 (W.D. Tex. Dec. 7, 2021).

To determine whether a stay pending a USPTO proceeding is proper, courts typically consider: (1) whether the stay will unduly prejudice the nonmoving party; (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set; and (3) whether the stay will likely simplify the case before the court. *Id.* at *2 (citation omitted). The third factor is the most important. *Id.* at *3. "Essentially, courts determine whether the benefits of a stay outweigh the inherent costs based on these factors." *USC IP P'ship, L.P. v. Facebook, Inc.*, No. 6:20-cv-00555-ADA, 2021 WL 6201200, at *2 (W.D. Tex. Aug. 5, 2021) (citation omitted). The party seeking a stay bears the burden of showing that a stay is appropriate. *MiMedx Grp., Inc. v. Tissue Transplant Tech. Ltd.*, No. 5:14-cv-719, 2015 WL 11573771, at *2 (W.D. Tex. Jan. 5, 2015).

## IV. ARGUMENT

### A. A Stay Will Simplify the Case

The "most important factor in determining whether to grant a stay is whether the reexamination proceeding[s] will result in simplification of issues before the Court." *Radiant*, 2024 WL 1079059, at *3. Here, the EPRs are highly likely to simplify the issues in this case in at least two independent ways. First, the USPTO is highly likely to order reexamination and, ultimately, cancel or require amendment of some or all of the Asserted Claims. Second, the USPTO's review and Clairpath's positions taken therein will assist the Court in construing the Asserted Claims regardless of the outcome.

***First***, the USPTO is highly likely to order reexamination and cancel or require amendment of the challenged claims. USPTO historical data compiled across the entire history of the *ex parte* reexamination program show that the Office grants more than 92% of all requests.[2] Because the USPTO must decide whether to order reexamination within three months of each request's accorded filing date, *see* 35 U.S.C. § 303(a); 37 C.F.R. § 1.515(a), the Court will have the USPTO's answer as to the '948 and '708 patents no later than October 10 and October 17, 2026, and as to the '809 patent shortly thereafter. Apple does not oppose the Court revisiting this stay as to any patent for which the USPTO declines to order reexamination. Proceeding in the interim, by contrast, would require the parties and the Court to expend resources litigating claims the USPTO will likely alter or eliminate. *Radiant*, 2024 WL 1079059, at *3 ("One purpose of the reexamination procedure is to eliminate trial of that issue (when the claim is canceled) or facilitate

---

[2] *See* Ex. 1 https://www.uspto.gov/sites/default/files/documents/reexamination-op-stats.pdf (Reexamination Statistics for FY 2026); Ex. 2, https://www.uspto.gov/sites/default/files/documents/ex_parte_historical_stats_.pdf (*Ex Parte* Reexamination Filing Data through 9/30/2025).

trial of that issue by providing the district court with the expert view of the PTO (when a claim survives the reexamination proceedings).") (citing *Gordon Gould, REFAC Int'l, Ltd. v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983)).

Additionally, once the USPTO orders reexamination, EPRs result in cancellation or amendment of the challenged claims in a substantial majority of cases, eliminating or simplifying the issues before the Court. USPTO historical data on *ex parte* reexaminations through September 30, 2025, show that, where a third party in a similar position to Apple here filed the request, almost 80% of EPRs reaching a certificate result in canceled or amended claims.[3]

A stay is warranted even if the USPTO does not reexamine every challenged claim. Indeed, courts routinely grant stays even where an EPR covers only a subset of the asserted claims or patents. *See Katana Silicon Techs. LLC v. GlobalFoundries, Inc.*, No. 1:22-cv-852-RP, 2024 WL 5169808, at *3 (W.D. Tex. Apr. 11, 2024) (granting a stay where an EPR covered only one of the two asserted patents); *Quartz Auto Techs. v. Lyft, Inc.*, No. 1:20-cv-719-LY, D.I. 125 at 3 (W.D. Tex. June 24, 2022) (granting stay where three of four asserted patents were subject to EPR); *cf. LELO, Inc. v. Standard Innovation (US) Corp.*, No. 13-cv-01393-JD, 2014 WL 2879851, at *3 (N.D. Cal. June 24, 2014) ("The standard is simplification of the district court case, not complete elimination of it by the PTAB."). Here, Apple's EPR requests challenge every claim that Clairpath has asserted against Apple across all three Asserted Patents, so the EPRs "could dispose of this entire litigation; if the examiner invalidates the claims, it will fully resolve this case." *Radiant*, 2024 WL 1079059, at *4; *Katana*, 2024 WL 5169808, at *3 ("Cancellation of all or even some claims would significantly simplify the case."); *Polaris PowerLED Techs., LLC v. Dell Techs.*

[3] *See* Ex. 2 https://www.uspto.gov/sites/default/files/documents/ex_parte_historical_stats_.pdf (*Ex Parte* Reexamination Filing Data through 9/30/2025).

*Inc.*, No. 1:22-cv-0973-RP, 2023 WL 5282381, at *3 (W.D. Tex. Aug. 15, 2023) (fact claims could be amended during an EPR weighs in favor of a stay). The EPRs will therefore likely simplify this litigation, if not extinguish it altogether; either way, a stay will conserve the resources of the Court and the parties.

***Second***, even in the unlikely event that none of the EPRs results in cancellation or amendment of any asserted claim, a stay would still provide "the benefit of the [Patent Office's] full and focused consideration of the effect of prior art on patents being asserted in litigation." *TC Tech.*, 2021 WL 8083373, at *3 (quoting *NFC Tech. LLC v. HTC Am., Inc.*, No. 2:13-cv-1058-WCB, 2015 WL 1069111, at *4 (E.D. Tex. Mar. 11, 2015)). The Court may consider any statement Clairpath makes during reexamination about the meaning of the claims as part of claim construction, and such statements may give rise to prosecution disclaimers that limit the scope of the claims in this litigation. *See Krippelz v. Ford Motor Co.*, 667 F.3d 1261, 1266-67 (Fed. Cir. 2012) ("A patentee's statements during reexamination can be considered during claim construction, in keeping with the doctrine of prosecution disclaimer."). That benefit is concrete here given that the Court has not yet construed a single term. More generally, "any claim construction or other analysis conducted by the PTO" would simplify the Court's claim construction process. *Polaris*, 2023 WL 5282381, at *3; *Katana*, 2024 WL 5169808, at *3 ("[E]ven if the PTO does not cancel any of the claims, the EPR process would still assist the Court in determining patent validity after the stay is lifted."); *see also Exmark Mfg. Co. Inc. v. Briggs & Stratton Power Prods. Grp., LLC*, 879 F.3d 1332, 1341 (Fed. Cir. 2018) (a district court must consider reexaminations as evidence); *Polaris PowerLED Techs., LLC v. Nintendo Co.*, No. 22-cv-0386-JLR, 2023 WL 12134477, at *3 n.6 (W.D. Wash. Jan. 31, 2023) (acknowledging that "the intrinsic record from the EPR will involve new issues that will likely be helpful to the court and

the parties"); *Pac. Bioscience Labs., Inc. v. Pretika Corp.*, 760 F. Supp. 2d 1061, 1065 (W.D. Wash. 2011) (regardless of the outcome of the EPR, "the court would still have the benefit of the USPTO's analysis of the disputed claim terms in ruling on claim construction").

Accordingly, because an order granting reexamination and the resulting simplification are highly likely, and because the USPTO's analysis (and Clairpath's positions taken in the EPRs) will assist the Court even if no claims are cancelled or amended, this factor weighs heavily in favor of a stay.

**B. A Stay Will Not Unduly Prejudice Clairpath**

A stay pending Apple's EPRs will not unduly prejudice Clairpath. Although a stay will inherently delay litigation, "mere delay in collecting damages 'does not constitute undue prejudice.'" *Crossroads Sys., Inc. v. Dot Hill Sys. Corp.*, No. 1:13-cv-00800, 2015 WL 3773014, at *2 (W.D. Tex. Jun. 15, 2015); *see also TC Tech.*, 2021 WL 8083373, at *2 (finding that a patent owner's "interest in the timely enforcement of its patent rights" alone is "insufficient to defeat a motion to stay" because "that interest is present in every case where patent owner resists a stay").

Clairpath is not a practicing entity that competes with Apple, nor is it likely to obtain injunctive relief. *See* Dkt. 1 at ¶ 16; *Polaris*, 2023 WL 5282381, at *3 (a patentee's status as a non-practicing entity favors a stay). Clairpath has not moved for a preliminary injunction, and although Clairpath's Complaint requests a permanent injunction (or, in the alternative, an ongoing royalty), that request does not require immediate relief, and the Court can address it, if warranted, at the conclusion of the case following resolution of the EPRs. *See VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1319 (Fed. Cir. 2014) (noting that plaintiff's choice not to request a preliminary injunction weighed against its claim of undue prejudice). Should Clairpath prevail, monetary damages can fully compensate it, and a stay pending the EPRs will not impair Clairpath's

ability to collect those damages. *Quartz Auto Techs.*, D.I. 125 at 3 (finding that a stay would not affect plaintiff's "ability to recover monetary damages"); *Ravgen, Inc. v. Natera, Inc.*, No. 1:20-CV-692-LY, D.I. 247 at 3 (W.D. Tex. May 31, 2022) (finding no undue prejudice where "[p]laintiff does not seek lost profits or preliminary injunctive relief" even if plaintiff is a competitor). Nor can Clairpath identify any tactical disadvantage from a stay: Apple filed its reexamination requests promptly after serving invalidity contentions and moved to stay immediately thereafter, before either party briefed claim construction or served a single discovery request.

Apple's pending challenge to Clairpath's standing further diminishes any claim of urgency. Apple's motion to dismiss contends that Clairpath lacks both constitutional and statutory standing. *See* Dkt. 41. Should the Court prefer to rule on that motion prior to or during a stay pending EPRs, Apple supports that preference, and indeed, Apple does not ask the Court to defer ruling on the motion to dismiss at all. To the contrary, a stay of merits proceedings would still allow the Court to resolve the threshold, potentially case-dispositive question of Clairpath's standing without the parties simultaneously incurring the expense of claim construction, discovery, and trial preparation directed to patents Clairpath may have had no right to assert. *See, e.g.*, *Cochenour v. 360training.com, Inc.*, No. 1:25-cv-7-RP, 2025 WL 1954062, at *2 (W.D. Tex. July 8, 2025) (granting a stay pending resolution of defendant's motion to dismiss for lack of standing and finding that a stay would alleviate defendant's "undue burden and expense undertaking discovery on a claim that this Court may dismiss on jurisdictional grounds"); *Laufer v. Patel*, No. 1:20-cv-631-RP, 2021 WL 327704, at *2 (W.D. Tex. Feb. 1, 2021) (granting a stay pending resolution of defendant's motion to dismiss for lack of standing); *Alex A. by & through Smith v. Edwards*, No. 22-cv-573-SDD-RLB, 2023 WL 100146, at *3 (M.D. La. Jan. 4, 2023) (same). A genuine dispute

over Clairpath's entitlement to sue also undermines any claim of prejudice, because an entity whose standing is itself contested cannot credibly claim urgency in reaching the merits. Together with the high likelihood that the EPRs will simplify or eliminate the issues in this case, Apple's standing challenge confirms that a stay would serve judicial economy and avoid the risk of expending resources on litigation that may ultimately prove moot.

Absent a stay, Apple and the Court would bear the substantial expense and time of litigating infringement and validity of claims that the USPTO will likely narrow or cancel. A stay, by contrast, benefits both parties and the Court by allowing them to take advantage of the USPTO's post-grant processes, which constitute "a more efficient and streamlined patent system that will improve patent quality and limit unnecessary and counterproductive litigation costs." *MCM Portfolio LLC v. Hewlett-Packard Co.*, 812 F.3d 1284, 1290-91 (Fed. Cir. 2015) (quoting H.R. Rep. No. 112-98, 2011 U.S.C.C.A.N. 67, 69, at 39-40). Accordingly, because Clairpath will not suffer undue prejudice from a stay, and because a stay will spare the parties and the Court substantial and potentially wasted time and expense, this factor favors a stay pending resolution of the EPRs.

### C. The Proceedings Before the Court Have Not Reached an Advanced Stage

This case has not reached an advanced stage, which also favors a stay. The third factor considers "whether the litigation has reached an advanced stage, including whether discovery is complete and a trial date has been set." *Polaris*, 2023 WL 5282381, at *4 (citing *Xylon Licensing LLC v. Lone Star Nat'l Bancshares-Tex., Inc.*, No. 6:21-cv-00302-ADA, 2022 WL 2078030, at *2 (W.D. Tex. June 8, 2022)). If "the court has expended significant resources, then courts have found that this factor weighs against a stay." *Id.* Conversely, when "[l]ittle-to-no judicial resources have been expended," this factor favors a stay. *Id.* (citing *Xylon*, 2022 WL 2078030, at *3).

This case remains in its early stages. Clairpath filed the complaint on January 14, 2026; fact discovery has not opened; neither party has served a discovery request; claim construction briefing has not begun; and the *Markman* hearing is not set until October 19, 2026. Trial remains more than 14 months away, and the Court has expended minimal resources to date. The vast majority of the work in this case therefore lies ahead of the Court and the parties. The timing of the EPRs fits comfortably within that schedule. The USPTO must decide whether to order reexamination within three months of each request's accorded filing date, 35 U.S.C. § 303(a), Congress has directed that reexamination proceed "with special dispatch," 35 U.S.C. § 305, and recent USPTO data reflect an average pendency from filing to certificate of approximately 18 to 21 months.[4] *See Foras Techs. Ltd. v. Bayerische Motoren Werke AG*, No. 6:23-cv-386-RP, 2024 WL 1724256, at *2 (W.D. Tex. Apr. 22, 2024) (finding it "unwise to allow this case to proceed to claim construction, discovery, or trial when the IPR and EPR proceedings could negate the need for, or greatly simplify the resolution of, those litigation milestones"). Accordingly, the early stage of this litigation heavily favors a stay.

## V. CONCLUSION

For the foregoing reasons, Apple respectfully requests that the Court stay this action pending resolution of the EPRs.

[4] *See E*x. 1 https://www.uspto.gov/sites/default/files/documents/reexamination-op-stats.pdf (Reexamination Statistics for FY 2026).

Dated: August 11, 2026

Respectfully submitted,

*/s/ John M. Guaragna*
John M. Guaragna
Texas Bar No. 24043308
DLA Piper LLP (US)
303 Colorado, Suite 3000
Austin, TX 78701
Tel: (512) 457-7125
Fax: (512) 457-7001
john.guaragna@us.dlapiper.com

Erin Gibson
DLA Piper LLP (US)
500 Eighth Street, NW
Washington, DC 20004
Tel: (202) 799-4000
erin.gibson@us.dlapiper.com

Matthew Satchwell
Chris Katsantonis
DLA Piper LLP (US)
444 West Lake Street, Suite 900
Chicago, IL 60606-0089
Telephone: (312) 368-4000
matthew.satchwell@us.dlapiper.com
katsantonis@us.dlapiper.com

Michael Strapp
Claire Schuster
DLA Piper LLP (US)
33 Arch Street, 26th Floor
Boston, MA 02110-1447
Tel: (617) 406-6000
michael.strapp@us.dlapiper.com
claire.schuster@us.dlapiper.com

Jeff Castellano
Matthew Middleton
DLA Piper LLP (US)
1201 North Market Street, Suite 2100
Wilmington, DE 19801
Telephone: (302) 468-5700
jeff.castellano@us.dlapiper.com
matthew.middleton@us.dlapiper.com

Mary Dahl
DLA Piper LLP (US)
3203 Hanover Street, Suite 100
Palo Alto, CA 94304
Telephone: (650) 833-2000
mary.dahl@us.dlapiper.com

Gregory Ferroni
Derek Gretkowski
DLA Piper LLP (US)
One Liberty Place,
1650 Market Street Suite 5000
Philadelphia, PA 19103-7300
Telephone: (215) 656-3300
gregory.ferroni@us.dlapiper.com
derek.gretkowski@us.dlapiper.com

***Attorneys for Defendant and Counterclaim Plaintiff Apple Inc.***

**CERTIFICATE OF CONFERENCE**

I hereby certify that on August 3, 4, and 6, 2026, counsel for Defendant conferred with counsel for Plaintiff regarding the relief requested in this motion. Plaintiff opposes the motion.

*/s/ John M. Guaragna*
John M. Guaragna

**CERTIFICATE OF SERVICE**

I hereby certify that on August 11, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system.

**Steptoe LLP**

Anthony Amerigo Pericolo - Apericolo@steptoe.com

John M Caracappa - Jcaracappa@steptoe.com

Katherine D. Cappaert - Kcappaert@steptoe.com

Matthew Sim - Msim@steptoe.com

**Ciccarelli Law Firm**

Massimo Ciccarelli - Max@ciccarellilawfirm.com

*/s/ John M. Guaragna*
John M. Guaragna