**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**MIDLAND-ODESSA DIVISION**

| | | |
|---|---|---|
| **CLAIRPATH, LLC,** | § | |
| | § | |
| ***Plaintiff,*** | § | |
| | § | |
| **v.** | § | **No. 7:26-CV-00015-LS** |
| | § | |
| **APPLE INC.,** | § | |
| | § | |
| ***Defendant.*** | § | |

**ORDER GRANTING MOTION TO STAY**

Plaintiff Clairpath, LLC sues Defendant Apple, Inc. for infringing three software patents. The Court grants Apple's motion to stay this case pending the U.S. Patent and Trademark Office's ("PTO") *ex parte* review of the patents at issue.

**I. LEGAL STANDARD.**

"The party seeking a stay bears the burden of showing that a stay is appropriate."[1] Factors relevant to a stay during patent reexamination include "(1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party, (2) whether a stay will simplify the issues in question and trial of the case, and (3) whether discovery is complete and whether a trial date has been set."[2] "A stay is particularly justified when 'the outcome of a PTO proceeding is likely to assist the court in determining patent validity or eliminate the need to try infringement

---

[1] *Radiant Vision Sys., LLC v. Admesy B.V.*, No. 1:21-cv-01115, 2024 WL 1079059, at *2 (W.D. Tex. Mar. 12, 2024).

[2] *Crossroads Sys., Inc. v. Dot Hill Sys. Corp.*, No. A-13-CA-800, 2015 WL 3773014, at *2 (W.D. Tex. June 16, 2015) (quoting *Soverain Software LLC v. Amazon.com, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005)).

issues'"[3] and when "the PTO has granted [*ex parte* review] as to *all claims of all asserted patents*," as "all the claims may potentially be modified, dropped, or canceled."[4]

## II. ANALYSIS.

### *A. Prejudice to Nonmoving Party.*

Plaintiff argues a stay would be prejudicial because (1) it could allow the patents to expire before the case's resolution,[5] and (2) Apple intentionally delayed seeking review and moving for a stay to derail the case's progression. Plaintiff has a "recognized interest in the timely enforcement of its patent rights,"[6] but the "fact and length of any delay . . . does not demonstrate prejudice sufficient to deny a request for a stay,"[7] and the Court does not find unreasonable delay in the timing of Apple's filings.[8] Plaintiff identifies a court that found prejudice in staying a case approximately three years before a patent's expiration, *A.L.M. Holding Co. v. All States Materials Group Inc.*,[9] but that court also based its analysis on the parties' "apparent relationship as partial direct competitors" and noted "that Plaintiffs' failure to seek relief through a preliminary injunction undercuts their assertion of prejudice."[10] Plaintiff here similarly failed to seek preliminary relief and also appears to accept that it is a non-practicing entity that does not compete

---

[3] *AGIS Software Dev. LLC v. Google LLC*, No. 2:19-cv-00361, 2021 WL 465424, at *2 (E.D. Tex. Feb. 9, 2021) (quoting *Ericsson Inc. v. TCL Commc'n Tech. Holdings, Ltd.*, No. 2:15-cv-00011, 2016 WL 1162162, at *1 (E.D. Tex. Mar. 23, 2016)).
[4] *Id.* (collecting cases).
[5] The earliest expiration date on Plaintiff's patents is December 17, 2028. *See* ECF No. 48 at 15. The other two patents expire in early 2030. *Id.*
[6] *Unifi Sci. Batteries, LLC v. Sony Mobile Commc'ns AB*, No. 6:12cv224, 2014 WL 4494479, at *2 (E.D. Tex. Jan. 14, 2014) (citing *Ambato Media, LLC v. Clarion Co.*, 2:09-cv-242, 2012 WL 194172, at *1 (E.D. Tex. Jan. 23, 2012)).
[7] *e-Watch, Inc. v. ACTi Corp.*, No. SA-12-CA-695, 2013 WL 6334372, at *9 (W.D. Tex. Aug. 9, 2013) (brackets omitted) (quoting *Semiconductor Energy Lab'y Co. v. Chimei Innolux Corp.*, No. SACV 12-21, 2012 WL 7170593 (C.D. Cal. Dec. 19, 2012)).
[8] *See* ECF No. 49 at 12.
[9] 784 F. Supp. 3d 417 (D. Mass. 2025).
[10] *Id.* at 421 n.4.

with Apple.[11] The Court therefore does not find prejudice that overcomes other factors warranting a stay.[12]

### *B. Simplification of Issues and Trial of the Case.*

This case concerns three patents, and the PTO has granted all three requests for *ex parte* review.[13] The PTO's ruling may resolve issues, eliminate claims, or alter litigation before this Court, and a stay avoids "requiring the parties to pursue discovery . . . and participate in a claim construction hearing for patent claims that may be limited, changed or invalidated."[14] *Ex parte* review is not binding, but the PTO's analysis may benefit the Court and the parties, and a stay avoids inconsistent holdings in simultaneous proceedings. This factor weighs in favor of a stay.

### *C. Case Progress.*

Discovery in this case has just begun and is scheduled to continue until May 17, 2027.[15] The Court has not held a *Markman* hearing, and a tentative trial date—from which "the actual trial date" could "materially differ[]"—is not until October 18, 2027.[16] The case is therefore in its early stages and this factor supports a stay.

## III. CONCLUSION.

The Court **GRANTS** Apple's motion [ECF No. 46] and **STAYS** this case pending the PTO's *ex parte* review of the asserted patents. The *Markman* hearing set for November 13, 2026

---

[11] *See* ECF No. 48 at 12–16.
[12] Plaintiff presents twenty cases in which other courts denied a stay. ECF No. 59 at 2–4. Those cases, if the court explained its reasons, included one or more of the following features not present here: the *Markman* hearing and claim construction already occurred, trial was set for the imminent future, discovery had been open for months or already concluded, the defendant moved to stay years after the suit began, the plaintiff directly competed with the defendant in the market, important evidence or witnesses were likely to become unavailable after further delay, less than all claims were subject to review, the PTO could not amend the claims because the patents were expired thereby reducing the likelihood of simplifying issues, or the defendant previously and unsuccessfully attempted *ex parte* or *inter partes* review.
[13] *See* ECF No. 57 at 1–2.
[14] *e-Watch, Inc.*, No. SA-12-CA-695, 2013 WL 6334372, at *9.
[15] ECF No. 26 at 2–4.
[16] *Id.* at 5.

is **VACATED**. The parties shall file a report on the status of proceedings before the PTO every ninety days from the date of this order.

**SO ORDERED**.

**SIGNED** and **ENTERED** on October 23, 2026.



**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**